UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Respondent,<br> -vs-<br>SANTOS PETER MURILLO,<br>     Movant. | NOS. CR-05-2118-WFN-1<br>    CV-10-3113-WFN<br><br>ORDER |

   Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 138) and Motion to Amend § 2255 Motion and Points and Authorities in Support Thereof (ECF No. 146). The Motion is submitted by Mr. Santos Peter Murillo, who is appearing *pro se* in these proceedings.

## BACKGROUND

   Mr. Murillo was Indicted on October 10, 2005 for (1) Possession of a Firearm in Furtherance of a Drug Trafficking Crime and (2) Possession of a Firearm by a Prohibited Person. Mr. Murillo was also indicted in two other cases which were ultimately dismissed as a result of the Plea Agreement in this case. Mr. Murillo pled guilty to both Counts on October 13, 2006. Mr. Murillo did not waive his appeal rights and timely appealed contending this Court erred when it denied his Motion to Suppress. On June 19, 2009, the Ninth Circuit affirmed. Writ of certiorari was denied on December 14, 2009. Mr. Murillo filed his § 2255 Motion on November 22, 2010. The Court reviewed the Motion and found that grounds 3 through 7 were not patently frivolous and required the Government to respond. Following the Government's response, Movant filed a reply as well as his

ORDER - 1

Motion to Amend. In his Motion to Amend, Mr. Murillo added three additional grounds: (1) Appellate counsel was ineffective because he failed to request a stay; (2) denial of due process and equal protection because the Ninth Circuit failed to stay Mr. Murillo's appeal until *Arizona v. Gant* was decided by the Supreme Court; and (3) denial of due process because this Court failed to revisit the ruling on the suppression motion.

## DISCUSSION

Regarding Mr. Murillo's Motion to Amend, the Court grants leave to amend, but finds that the grounds lack merit and do not require response from the Government. The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

Each of Mr. Murillo's new complaints stem from the basic assumption that the facts supporting his case are so similar to those in *Arizona v. Gant*, 129 S.Ct. 1710, that he suffered harm because the Motion to Suppress was not granted. The Court agrees that the facts in *Gant* and in Movant's case have many parts in common. However, the Court also notes that in *Gant* the Supreme Court addressed a search incident to arrest as an exception to the warrant requirement. In contrast, the Ninth Circuit (unlike this Court) did not rely on search incident to arrest to support the warrantless search. Instead, the Ninth Circuit found

that the search performed in Movant's case was supported by probable cause. Thus, the holding in *Gant* is inapplicable to Movant's case.

Mr. Murillo's allegation that his counsel was ineffective for failure to request a stay fails because he cannot show prejudice. In order to prevail on his ineffective assistance claims, Movant must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). As seen above, the holding in *Gant* would not have altered the outcome in Mr. Murillo's case, thus even had Mr. Salazar requested a stay, the ultimate resolution would have remained the same. Mr. Murillo cannot show prejudice.

Similarity, Movant's allegations of denial of due process based on the actions of the Ninth Circuit and this Court fail to state a viable claim. First, the Ninth Circuit addressed Movant's Motion for Rehearing which followed the decision in *Gant* but chose not to alter the decision because, as outlined above, the basis for the search differed from that in *Gant.* Further, the Court notes that the Ninth Circuit's Mandate was not issued until a couple of months after *Gant* was decided, so the decision was not final until the Ninth Circuit was aware of *Gant*. Lastly, this Court lost jurisdiction over the case once it was appealed. As the case was never remanded, this Court never regained the authority to alter the holdings in the case. This Court could not have violated Movant's due process rights because this Court did not have the power to alter the decision of the Ninth Circuit.

Regarding the remaining grounds, the Court finds that each lack merit; therefore, Mr. Murillo's § 2255 Motion shall be dismissed. To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Murillo has met the first two prongs, but cannot meet the final prong.

ORDER - 3

Grounds three, four, five and six allege ineffective assistance of counsel. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689 (internal citations omitted). In order to show prejudice, Movant must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

In ground three, Movant cannot show deficient performance. According to the Presentence Investigation Report [PSR], Movant was arrested on January 30, 1998. At the time of his arrest, officers searched his vehicle and found a loaded gun. Movant was a felon. PSR ¶ 98. During his arrest, he made threats toward the officers; then while being booked into Chelan County Regional Jail, he "began to kick the door and demanded phone calls." PSR, ¶ 99 & 110. Movant was ultimately charged with Second Degree Unlawful Possession of Firearm and Harassment. He was sentenced on both charges (charged in separate charging documents) on May 20, 1998.

According to the 2007 Guidelines,

> [p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., *the defendant is arrested for the first offense prior to committing the second offense*). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentenced covered by (A) or (B) as a single sentence. [emphasis added]

Though the Court acknowledges that the provision can be misleading, after careful review, the italicized section makes it clear that the conduct that leads to the second charge must occur after the arrest. Since Movant was arrested for the firearms charge prior to the conduct

ORDER - 4

that led to the harassment charge, the arrest intervened the two offenses. Since there is an intervening arrest, the PSR correctly scored the two convictions separately. Defense counsel could not have been deficient where he did not object to a correctly scored criminal history.

In grounds four and five, Movant cannot show prejudice. The Court will not weigh in as to the appropriateness of demanding payment; regardless, Movant was not prejudiced by Mr. Salazar's actions. The record clearly shows that a petition for rehearing was filed and considered by the Ninth Circuit. The Ninth Circuit denied the petition. Though the petition was late, the Ninth Circuit considered it timely and denied it on the merits, so Movant suffered no prejudice.

In groun/d six, Movant cannot show deficient performance. As discussed above, the Ninth Circuit's affirmation of this Court's denial of Mr. Murillo's Motion to Suppress was clearly based on the finding that probable cause existed and therefore the automobile exception applied to the fourth amendment requirement of a warrant. The automobile exception is clearly established law that *Gant* explicitly affirmed. "Though indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary review." *Austin v. United States*, 513 U.S. 5, 8 (1994). Appointed lawyers have no duty to "file a petition for certiorari if the petition would present only frivolous claims." *Id.* Since denial of Movant's appeal was based on firmly established law that had recently been affirmed by the Supreme Court, an appeal of that decision would have been frivolous. Thus, Mr. Salazar was under no professional obligation to file a writ of certiorari. Additionally, Movant suffered no prejudice because a writ of certiorari was filed, albeit by Movant, and it was denied by the Supreme Court.

Lastly, in ground seven Movant cannot show that the Ninth Circuit denied him due process. The Ninth Circuit addressed Movant's petition for rehearing, but it was denied. Movant received due process, but is unhappy with the result.

ORDER - 5

For the reasons stated above, the Court finds that Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence shall be denied.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the Court's preceding analysis, the Court concludes that the Movant has made a substantial showing of a denial of a constitutional right. Though the Court ultimately concluded that the PSR is correct, the question is a close call and the Court could not find case law where a single arrest constituted an intervening arrest for the purposes of the § 4A1.2(a)(2) analysis. Thus, a certificate of appealability should issue. Accordingly,

**IT IS ORDERED** that:

1. Mr. Murillo's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, filed November 22, 2010, **ECF No. 138**, is **DENIED**.

2. Mr. Murillo's Motion to Amend, filed June 3, 2011, **ECF No. 146**, is **GRANTED.** The District Court Executive is directed to

- File this Order;
- Provide copies to pro se Movant, to the Government, and to the United States Probation Office.
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; and
- **CLOSE** the corresponding civil file, CV-10-3113-WFN.

ORDER - 6

**DATED** this 16th day of June, 2011.

06-09-11

                                                s/ Wm. Fremming Nielsen
                                                WM. FREMMING NIELSEN
                                                SENIOR UNITED STATED DISTRICT JUDGE