FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>SANTOS PETER MURILLO,<br><br>            Defendant. | No. 2:05-CR-02118-SAB-1<br><br>**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS** |

Before the Court is Defendant's Petition for Writ of Error Coram Nobis, ECF No. 196. The motion was considered without oral argument. The Government is represented by Thomas Hanlon and Defendant is represented by Jason Carr. Defendant requests that the Court vacate his conviction for felon in possession of a firearm, arguing that he was actually innocent of the charge under new caselaw. The Government argues the motion should be denied because the motion does not address the other charge in this case—possession of a firearm in furtherance of a drug trafficking crime—and because Defendant fails to meet the high standard for the writ of error coram nobis. Having reviewed the briefing and the applicable caselaw, the Court grants the motion.

## Facts

Defendant is currently an inmate at FCI Cumberland on charges out of the Western District of Washington; the instant motion arises out of charges he faced

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS \* 1**

in this District in 2004 and 2005. The sentence in this case—including the term of supervised release—is complete. *See United States v. Murillo*, 2:16-CR-135-RSL (W.D. Wash.).

In 1998, Defendant pled guilty in Washington state court to one count of harassment and one count of unlawful possession of a firearm in the second degree. *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir 2005). Under Washington law, both counts were considered Class C felonies and carried a maximum sentence of five years' imprisonment. *Id.* However, based on Washington's mandatory sentencing guidelines, the maximum Defendant could have been sentenced on either charge was twelve months. *Id.* Defendant was sentenced to ten months, to be served concurrently, for both charges.

In 2004, Defendant was arrested again and charged as a felon in possession of a firearm in the Eastern District of Washington, relying on the 1998 convictions to prove his status as a felon. *Id.* On a motion to dismiss the indictment, Defendant argued that he had not been convicted of any felonies prior to 2004 because the sentencing guidelines on his state convictions had a mandatory maximum sentence of twelve months. *Id.* The district court agreed and dismissed the indictment. However, the Government appealed, and the Ninth Circuit reversed the dismissal. In so doing, the Circuit held that, because Defendant faced a statutory maximum of more than a year, he was a felon, regardless of what sentence he actually faced under the state's mandatory sentencing guidelines. *Id.*

The case was remanded back to the district court. However, the 2004 charges were dismissed due to speedy trial issues. In 2005, the Government filed a new indictment, charging Defendant with possession of a firearm in furtherance of a drug trafficking crime under 21 U.S.C. § 924(c) as well as the same felon in possession of a firearm charge as in 2004. *See* ECF No. 196-1 at 1. Defendant later entered into a plea agreement, pleading guilty to both the 2004 and 2005 charges. ECF No. 196-2. Pursuant to the plea agreement, Defendant was sentenced to 60

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS \* 2**

months imprisonment on Count 1 and 51 months imprisonment to be served consecutively on Count 2, followed by three years of supervised relief. ECF No. 196-1 at 3. Defendant later filed a § 2255 motion to vacate his sentence, which was denied. *United States v. Murillo*, 484 Fed. Appx. 201 (9th Cir. 2012).

In 2019, the Ninth Circuit expressly overruled *Murillo*, holding that a person is a felon only if the actual maximum term of imprisonment a defendant could receive under a state's mandatory sentencing regime was more than one year. *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019). Also in 2019, the United States Supreme Court held that a person must know their status as a person prohibited from possessing a firearm in order to be convicted under 18 U.S.C. § 922(g). *Rehaif v. United States*, 139 S. Ct. 2191 (2019); *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019).

## Legal Standard

The writ of error coram nobis is an old, little used, and rarely granted form of relief. A district court's power to issue the writ derives from the All Writs Act, 29 U.S. § 1651(a). *United States v. Morgan*, 436 U.S. 502, 506-07 (1954). The writ is available to vacate an unlawful conviction when a defendant is no longer in custody for a conviction and has completed all aspects of the sentence, including a term of supervised release. *Morgan*, 346 U.S. at 511; *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989).

To qualify for coram nobis relief, a petitioner must establish that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). It is presumed that the underlying proceedings were correct, and the petitioner has the burden of satisfying each element. *Morgan*, 346 U.S. at 512; *United States v. Riedel*, 496 F.3d 1003, 1006 (9th Cir. 2007). Failure to meet any

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS * 3**

one of the requirements is fatal and grounds to deny the writ. *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002).

## Discussion

Defendant argues that his guilty plea in this case was not voluntary–he states that he only pled guilty because he was "looking at 27 years" if he went to trial and that he could not knowingly have pled guilty to being a felon in possession of a firearm when he was not actually a felon at the time. He thus argues his conviction for felon in possession of a firearm should be vacated. In response, the Government argues the motion should be denied because (1) Defendant is in custody and therefore a more usual remedy is available; (2) he has failed to show that adverse consequences exist because of his guilty plea and convictions in this case; and (3) he had no valid reason for not attacking the conviction earlier.

1. <u>Whether a More Usual Remedy is Available</u>

Defendant must first show that there is no more usual remedy available to him to challenge his conviction. Ordinarily, if a person seeking coram nobis relief is in custody, they cannot seek coram nobis relief because the more usual remedy of habeas corpus is available. *See Matus-Leva*, 287 F.3d at 761. The Government argues that Defendant should have sought relief through habeas corpus because he is "in custody." However, Defendant is not actually "in custody" for purposes of this case. Defendant is currently incarcerated on a sentence from the Western District of Washington, but he completed his term of imprisonment and supervised release prior to being sentenced in that case. *See United States v. Murillo*, No. 2:16-CR-113-JLR, ECF Nos. 115 ("The Government's motion to dismiss the supervised release violation in CR15-135RSL is granted; no further sanctions to be imposed on the supervised release violation."), 116 (judgment); *United States v. Murillo*, No. 2:16-CR-135-RSL (supervised release transfer closed).

So, although Defendant is technically "in custody," he is not "in custody" on these charges and therefore cannot challenge his conviction via habeas corpus or

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS \* 4**

direct appeal. *See United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005), *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (noting that petitioner had served his full sentence and therefore was not "in custody"). Indeed, it does not matter whether Defendant *could* have raised the arguments here in a prior, more usual remedy, as such a requirement would render the second element of coram nobis irrelevant. *Kwan*, 407 F.3d at 1012. Accordingly, Defendant satisfies the first element.

  2. <u>Whether Valid Reasons Exist for Not Attacking the Conviction Earlier</u>

Defendant argues that he did not have a valid reason for attacking his conviction earlier because the caselaw on which he relies was not issued until 2019. In response, the Government argues he should have raised these arguments in his 2012 habeas petition or on direct appeal. The Government also argues that the new caselaw relied on by Defendant—*Rehaif* and *Valencia-Mendoza*—have no bearing on his § 924(c) conviction. However, because that law was not available to Defendant at the time of his direct appeal or his 2012 habeas petition, he had a valid reason for not attacking the conviction earlier. Furthermore, Defendant is only seeking the writ with regards to his felon in possession charge, so it is irrelevant whether *Rehaif* and *Valencia-Mendoza* have any bearing on the charge of possession of a firearm in furtherance of a drug trafficking crime. Accordingly, Defendant satisfies the second element.

  3. <u>Whether Adverse Consequences Exist from the Conviction Sufficient to Satisfy Article III</u>

Defendant argues that he has suffered adverse consequences from his guilty plea and convictions in this case in the form of sentencing enhancements in his Western District of Washington case. He also argues in reply that courts have recognized repeatedly that any conviction for a crime of which a person is actually innocent is in itself an adverse consequence. The Government argues that the potential effect of a conviction on some future conviction is not a direct

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS \* 5**

consequence of a guilty plea and is therefore not an "adverse" consequence for purposes of coram nobis relief.

A criminal case is moot for purposes of coram nobis relief only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Hirabayashi*, 828 F.3d at 606. Any judgment of misconduct has consequences for which one may be legally or professionally accountable. *Id.*; *see also Holloway v. United States*, 339 F.2d 731, 732-33 (9th Cir. 1968) (noting that the possibility of a heavier sentence for subsequent convictions after making an allegedly involuntary guilty plea constituted adverse consequences sufficient to satisfy Article III). The burden is on the Government to show there are no collateral consequences stemming from a criminal conviction. *Holloway*, 339 F.2d at 733. However, where a defendant is actually innocent or unlawfully convicted of a crime, courts presume that adverse consequences flow from that conviction. *See, e.g., United States v. Zalapa*, 509 F.3d 1060, 1064-65 (9th Cir. 2007); *Walgren*, 885 F.2d at 1421.

Despite the Government's argument to the contrary, collateral consequences like the ones cited by Defendant are sufficient to create adverse consequences to satisfy Article III. As a consequence of the conviction in this case, Defendant faces the risk of higher sentences if he were to re-offend, and has in fact faced such consequences. Furthermore, Defendant was actually innocent of being a felon in possession of a firearm in 2004 and 2005. As recognized by the Ninth Circuit in *Valencia-Mendoza*—which overturned the case for which Defendant was the namesake—a person is not a felon if, under a state's mandatory sentencing guidelines, he does not actually face a sentence of longer than one year. That is the exact situation we have here. Accordingly, Defendant has satisfied the third element.

//
//

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS \* 6**

4. <u>Whether the Error is of the Most Fundamental Character</u>

Defendant finally argues that the error here is of a fundamental nature because he was not a "felon" at the time he pled guilty to being a felon in possession of a firearm and that he is factually innocent as a result of intervening changes in the law. He also argues that his guilty plea was not voluntary and intelligent because he neither admitted nor did the Government prove that he knew of his status as a person prohibited from possessing a firearm as required by *Rehaif*. He argues that his guilty plea was therefore involuntary and violated his due process rights. The Government argues that Defendant fails to address how the intervening change in law in *Rehaif* and *Valencia-Mendoza* has any bearing on his guilty plea as a whole.

A guilty plea is constitutionally valid only insofar as it is voluntary and intelligent. *Bousley v. United States*, 523 U.S. 614, 618 (1998). It must contain acknowledgement that all elements of the charged crime have either been admitted by the defendant or proved by the Government. *United States v. McCelland*, 941 F.2d 999, 1002-03 (9th Cir. 1991) (granting coram nobis relief where the government was never required to prove an essential element of the charged offense). An involuntary or unintelligent guilty plea constitutes fundamental, structural error. *See United States v. Gary*, 954 F.3d 194, 205-06 (4th Cir. 2020) (finding a per se structural error in a guilty plea lacking the *Rehaif* knowledge element). Although federal due process requires the trial court to inform a criminal defendant of the direct consequences of a plea, the court need not advise him of all possible collateral consequences, including the possibility of an enhanced sentence in a future conviction. *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir. 1990).

Although at first blush it appears that Defendant relies on the fact that he has since had enhanced sentences as a result of his earlier guilty plea, the real thrust of his argument is that his guilty plea to felon in possession of a firearm was not

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS \* 7**

voluntary or intelligent. He did not admit nor did the Government prove that he knew he was prohibited from possessing a firearm in 2004. Furthermore, Defendant in fact was not prohibited from possessing a firearm in 2004 because he was not a felon at that time. That Defendant served nearly four years imprisonment for a crime that he was actually innocent of—a conclusion Judge Nielsen reached in this case nearly two decades ago, only to be reversed by the Ninth Circuit, which would then reverse itself soon after—and on the basis of a deficient guilty plea is an error of a most fundamental nature.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Petition for Writ of Error Coram Nobis, ECF No. 196, is **GRANTED**.

2. The conviction for Count 2, Felon in Possession of a Firearm in violation of 21 U.S.C. § 922(g), is **VACATED**. The conviction for Count 1, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 21 U.S.C. § 924(c), remains.

3. The Court further directs the parties to file briefing no later than **February 22, 2021** indicating whether an amended judgment should be entered and, if so what information should be adjusted.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and provide copies to counsel **AND** pro se Defendant.

**DATED** this 22nd day of January 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS * 8**