Case 2:05-cr-02118-SAB    ECF No. 237    filed 07/22/22    PageID.1186    Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | No. 2:05-CR-02118-SAB-1 |
|     v. | |
| SANTOS PETER MURILLO, | **ORDER RE: DEFENDANT'S** |
|     Defendant. | **MOTIONS** |

Before the Court are Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), ECF No. 229; Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, ECF No. 230; and Defendant's Motion to Appoint Counsel, ECF No. 236. The motions were considered without oral argument. Defendant is representing himself on the motions. The Government is represented by Alison Gregoire and Thomas Hanlon.

Having reviewed the briefing and the relevant caselaw, the Court denies Defendant's Rule 60(b) motion, dismisses Defendant's § 2255 motion, and denies Defendant's motion to appoint counsel.

//
//
//
//
//
//

**ORDER RE: DEFENDANT'S MOTIONS** # 1

**Defendant's Rule 60(b) Motion**

Defendant requests that the Court grant him relief from his judgment of conviction in this case under Fed. R. Civ. P. 60(b). ECF No. 229. Defendant argues that "the indictment was insufficient and failed to contain all the elements necessary." *Id.*

The Government in response argues that the Court should deny Defendant's motion because (1) it is untimely; and (2) it does not fall under any of the proscribed bases of relief under Rule 60(b). ECF No. 235.

The Court denies Defendant's motion. Fed. R. Civ. P. 60(b) states that a court can relieve a party from a final judgment or order if the party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

However, Fed. R. Civ. P. 60(c) states that "a motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Here, Defendant is challenging the sufficiency of the information contained in his Indictment, ECF No. 15. Defendant's Indictment was filed on October 12, 2005, whereas Defendant filed his Rule 60(b) motion on March 7, 2022. *Id.*, ECF No. 229. Defendant does not provide any explanation for why it took him over 15 years to develop his objection to the sufficiency of the elements listed in his Indictment. Thus, the Court finds that Defendant's Rule 60(b) motion was not made within a reasonable time and thereby denies the motion.

//

**ORDER RE: DEFENDANT'S MOTIONS # 2**

**Defendant's 28 U.S.C. § 2255 Motion**

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such sentence; or

(3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

Here, Defendant argues that his sentence is unlawful because (1) he received ineffective assistance of counsel at the hearing on his Motion to Suppress in violation of his Sixth Amendment rights; (2) evidence collected in his case was collected pursuant to an unlawful search in violation of his Fourth Amendment rights; (3) he received ineffective assistance of counsel when he was forced to "take a worse plea than originally offered"; (4) he received ineffective assistance of counsel because his attorney misled him about whether he could still receive a green card after his guilty plea; and (5) he received ineffective assistance of counsel because he did not receive adequate advice about the sentencing consequences of pleading guilty.

Defendant also argues that (1) because the Court vacated his conviction under Count 2 of the Indictment, charging him with Felon in Possession of a Firearm in violation of 21 U.S.C. § 922(g), the plea agreement between himself and the Government has now been rendered null and void; and (2) Count 1 of the Indictment charging him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 21 U.S.C. § 924(c) is jurisdictionally defective because it failed to specify that the controlled substance in question was methamphetamine. ECF No. 230.

**ORDER RE: DEFENDANT'S MOTIONS # 3**

The Government in response argues that the Court lacks jurisdiction to consider Defendant's § 2255 motion because (1) this is Defendant's second § 2255 motion before this Court; and (2) Defendant has not sought a certificate from the Ninth Circuit, authorizing him to file a successive § 2255 petition. *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011).

The Court dismisses Defendant's motion. It cannot be disputed that Defendant previously filed a § 2255 motion in this Court, which was denied. ECF Nos. 138, 148. Under Ninth Circuit caselaw, a district court lacks jurisdiction to consider a second, successive § 2255 motion unless the defendant obtains a certificate from the appropriate court of appeals authorizing him to file the successive motion. *Id.* ("[The defendant] has not sought, and [the Ninth Circuit] has not issued, any such certificate authorizing [the defendant] to file a successive § 2255 motion. Accordingly, the district court was without jurisdiction."). Here, there is no evidence that Defendant has sought or obtained such a certificate from the Ninth Circuit. Thus, the Court dismisses Defendant's § 2255 motion.

### Defendant's Motion for Appointment of Counsel

Finally, Defendant requests that the Court appoint him counsel to represent him in this matter. Defendant requests that the Court appoint him counsel because "[his] imprisonment will greatly limit his ability to litigate . . . . [he] has limited access to the law library and limited knowledge of the law." ECF No. 236. Defendant also states that "a trial in this case will likely involve conflicting testimony, and counsel would better enable [Mr. Murillo] to present evidence and cross examine witnesses." *Id.*

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See e.g., Anderson v. Heinze,* 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick,* 727 F.2d 773 (8th Cir. 1984). Title 18 U.S.C. § 3006A, however, authorizes appointment of counsel at any stage of a petition for writ of habeas corpus "if the interest of justice so requires." Rule 8(c), Rules Governing

**ORDER RE: DEFENDANT'S MOTIONS # 4**

Section 2254 Cases; *see also* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Court finds that Defendant has failed to demonstrate a compelling justification to appoint counsel. If Defendant is requesting counsel to represent him on his Rule 60(b) motion or his § 2255 motion, these requests are now moot, given the Court's rulings. If Defendant is instead requesting counsel to represent him on a new trial, there is currently no request before the Court for a new trial, nor can the Court identify any valid grounds on which Defendant could request a new trial at this time. Thus, the Court denies Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), ECF No. 229, is **DENIED**.

2. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, ECF No. 230, is **DISMISSED without prejudice**.

3. Defendant's Motion to Appoint Counsel, ECF No. 236, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and *pro se* Defendant.

**DATED** this 22nd day of July 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: DEFENDANT'S MOTIONS # 5**